1  LINDBERGH PORTER, JR., Bar No. 100091
   MOLLY AGARWAL, Bar No. 247545
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:      415.433.1940
   lporter@littler.com,
5  magarwal@littler.com

6  Attorneys for Defendant
   SAN FRANCISCO CHRONICLE

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  GREGORY GRANT CHAPMAN, Sr.,           Case No. C07-04775 SBA (formerly CRB)

                  Plaintiff,              **DEFENDANT SAN FRANCISCO
13                                        CHRONICLE'S MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
14       v.                               SUPPORT OF MOTION TO DISMISS
                                          FRCP 12(b)(6)**
15  THE CHRONICLE,

                  Defendant(s).           Date:      June 24, 2008
16                                        Time:      1:00 p.m.
                                          Courtroom: 3, 3rd Floor
17                                        Trial Date:  None Set

18

19

20

21

22

23

24

25

26

27

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA  94108.2693
415.433.1940

DEFT'S MPA RE: MOTION TO DISMISS                          Case No. C07-04775 SBA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PROCEDURAL POSTURE

Gregory Chapman ("Plaintiff" or "Chapman") filed Case Number C-07-01527 in March 2007, listing the United States Equal Employment Opportunity Commission ("EEOC"), Teamsters Local 853 ("Teamsters"), and The San Francisco Chronicle ("Defendant" or "The Chronicle") as defendants. Eventually each defendant moved on various grounds to dismiss the action, The Chronicle having done so on July 2, 2007, based on Federal Rules of Civil Procedure 12(b)(6) and 12(e). This Court dismissed the complaint pursuant to The Chronicle's motion by Order dated September 6, 2007. Eleven days later, Plaintiff re-filed the same complaint that had been dismissed, without informing the clerk of the September 6, 2007 dismissal. The clerk then assigned a new number to Plaintiff's re-filed complaint, Case Number C-07-04775. Between September 6, 2007 and April 30, 2008, the EEOC and the Teamsters filed various motions and obtained dismissals.

At the April 30, 2008 Case Management Conference, where only Plaintiff and The Chronicle appeared, Plaintiff himself acknowledged that the only difference between his first complaint (No. C-07-01527) and his subsequent "amended" Complaint (No. C-07-04775) is the absence of defendant Equal Employment Opportunity Commission from the caption. With regard to The Chronicle, the two filings are identical. For this reason, during the Case Management Conference, this Court dismissed Case Number C-07-01527 *sua sponte* and ordered that The Chronicle file this motion as to the second action, Case Number C-07-04775.

## II.    INTRODUCTION

In this second complaint, Plaintiff purports to allege claims for "discrimination," "harassment," "perjury and fraud," and "obstruction of justice." Plaintiff asserts that he was discriminated against on the bases of: "race or color," "religion," "sex," "national origin," and "other." Plaintiff describes "other" as "All of the above. (Gender)." *See* Complaint in case C-07-04775. Plaintiff's complaint provides no detail or specifics as to the claimed acts that would enable an intelligent response. Nor does Plaintiff's complaint reveal how he is in the class of persons covered by the statute under which he makes his claims.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
850 California Street
Twentieth Floor
San Francisco, CA 94108-2693

DEFT'S MPA RE: MOTION TO DISMISS        1.        Case No. C07-04775 SBA

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to request
2    dismissal of a complaint on the ground that it fails to state a claim upon which relief can be granted.
3    Fed. Rules Civ. Proc. 12(b)(6).  A complaint is properly dismissed when "plaintiff is unable to
4    articulate enough facts to state a claim to relief that is plausible on its face." *GIA-GMI, LLC v.*
5    *Michener,* 2007 U.S. Dist. LEXIS 44077, *5 (D. Cal. 2007), *citing Bell Atlantic Corp. v. Twombly,*
6    127 S. Ct. 1955, 1960 (2007).  Furthermore, although the complaint must be construed in the light
7    most favorable to the plaintiff, and factual allegations are generally assumed to be true, the court
8    need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
9    unreasonable inferences." *Fluelling v. City of Milpitas,* 2005 U.S. Dist. LEXIS 4283 (D. Cal. 2005).
10   *See also Miranda v. Clark County,* 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of
11   law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim").  As
12   this court recently held, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
13   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to
14   relief requires more than labels and conclusions, and a formulaic recitation of the elements of a
15   cause of action will not do.  Factual allegations must be enough to raise a right to relief above the
16   speculative level." *Briggs v. United States,* 2008 U.S. Dist. LEXIS 28135, 8-9 (N.D. Cal. 2008).

17   Because the allegations or assertions in the complaint are vague, unintelligible, and
18   conclusory, and because they are unsupported by any statement of fact, The Chronicle's Motion to
19   Dismiss should be granted.

20   **III.    LEGAL ARGUMENT**

21   **A.    Plaintiff's Second Complaint is Not Amended**

22   Mr. Chapman's second-filed Complaint is no different from his first.  It fails to
23   correct the deficiencies identified in Defendant's Motion to Dismiss, or, in the alternative, for More
24   Definite Statement; namely, a lack of description or explanation of any of Plaintiff's claims, and a
25   lack of specificity as to the harms alleged and the resulting injury.  Rather than addressing these
26   deficiencies and filing a cognizable "amended" complaint, Plaintiff simply removed two defendants
27   and re-filed his dismissed complaint against The Chronicle.

28   To the extent Plaintiff asserts that papers attached to his re-filed complaint constitute

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693

1  amendment, they are an unintelligible narrative, not a "written instrument," nor an affidavit, nor

2  incorporated by reference, and nor do they meet minimal requirements under Federal Rule of Civil

3  Procedure Rule 10.  During the parties' Case Management Conference on April 30, 2008, the only

4  difference Plaintiff identified is his removal of the EEOC as a defendant in the second action.  In a

5  May 14, 2008 follow up call between Plaintiff and Chronicle counsel Molly Agarwal regarding

6  putative differences in the complaints, Plaintiff could not explain what, if anything, is different

7  between his two complaints.  Plaintiff has provided no explanation how removing a co-defendant

8  amends the complaint as to The Chronicle.

9        In sum, Plaintiff's filing the same complaint is tantamount to not amending and

10  instead, standing on his original complaint.  Presumably, Plaintiff may do so, but in doing so he

11  invites the Court to dismiss under Federal Rule of Civil Procedure Rule 41(b).  *See WMX Techs. v.*

12  *Miller,* 104 F.3d 1133, 1135-36 (9th Cir. Cal. 1997) (plaintiff's choice not to amend further enables

13  court to dismiss with prejudice).

14    **B.**    **Plaintiff's Allegations Are Unintelligible**

15      **1.**    **Plaintiff's Claim for Discrimination Should Be Dismissed.**

16        On his form complaint, Plaintiff lists "discrimination" as one of his causes of action

17  and then checks each type of discrimination listed on the form.  Beyond this, Plaintiff does not make

18  a single statement to explain his claim of discrimination.  Although Plaintiff selects "race or color,

19  religion, sex, and national origin" as the grounds upon which he was allegedly discriminated,

20  Plaintiff does not set forth his own race or color, religion, sex, or national origin.  Thus, from the

21  face of Plaintiff's second complaint, Defendant cannot discern any information about Plaintiff's

22  discrimination claim other than that Plaintiff asserts such a claim.  A mere allegation, without more,

23  falls short of the standard required to state a viable cause of action.  Although pro se litigants are

24  given latitude in forming pleadings, "a pro se's party status does not relieve the party of the burden

25  of alleging sufficient facts on which a recognized legal claim could be based...Bald assertions and

26  conclusions of law will not suffice." *Malviya v. City of San Jose,* 2006 U.S. Dist. LEXIS 66336, *7

27  (D. Cal. 2006), *quoting Kerr v. Wanderer & Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002).  In

28  *Malviya,* the court granted a motion to dismiss plaintiff's complaint alleging discrimination based on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA  94108.2693

DEFT'S MPA RE: MOTION TO DISMISS          3.          Case No. C07-04775 SBA

ethnicity, national origin, and disability, as well as violation of the Americans With Disabilities Act, among other claims, because plaintiff did not clearly identify his disability, state a legal theory, or allege any facts to support his claims. *See id.* at *10-13. As demonstrated below, Chapman's second complaint is similarly deficient.

To establish a prima facie case of employment discrimination under Title VII, plaintiff must show that he (i) belongs to a protected class; (ii) was qualified for the employment position; (iii) was subject to an adverse employment action; and (iv) similarly situated individuals outside his protected class were treated more favorably. *Agardi v. Manchester Grand Hyatt & Hyatt Hotels & Resorts,* 2005 U.S. Dist. LEXIS 7204, 11-12 (D. Cal. 2005), *citing Chuang v. University of California Davis, Bd. of Trustees,* 225 F.3d 1115, 1123 (9th Cir. 2000). Plaintiff's second complaint does not contain any of these elements. It is so lacking in information that Defendant cannot determine to which, if any, protected class or classes Plaintiff purportedly belongs, nor whether Plaintiff was qualified for his position. Plaintiff's appearance is African American but his physical appearance alone does not cure deficiencies in Plaintiff's pleading. Similarly, Defendant cannot discern from Plaintiff's second complaint what, if any, adverse action occurred, or whether other similarly situated employees were treated differently. Plaintiff simply fails to provide any information other than a list of Title VII classifications without a single intelligible statement as to how or why The Chronicle violated any law or breached any duty owed him.

### 2.    Plaintiff's Claims For Harassment, "Perjury and Fraud," And Obstruction Of Justice Likewise Should Be Dismissed.

Plaintiff's other claims are even more obtuse than his discrimination claim. Other than listing the word "harassment" among his causes of action, Plaintiff makes not a single other allegation as to how The Chronicle violated any law. Defendant cannot discern how Plaintiff was allegedly harassed, by whom, when, or on what basis.

It is unclear whether Plaintiff's claim for "Perjury and Fraud" refers to one or two causes of action. Again, Plaintiff provides no information to explain or support this claim. Defendant cannot determine what conduct or event it engaged in that relates to perjury or fraud, or what other conduct attributable to The Chronicle underlies Plaintiff's claims. Nothing more than the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693

DEFT'S MPA RE: MOTION TO DISMISS                4.                Case No. C07-04775 SBA

1   words "perjury and fraud" are set forth in the second complaint.

2          Similarly, Plaintiff's claim for obstruction of justice is unsupported by any factual

3   allegation. Plaintiff's statement in section six (6) of his form complaint, which calls for the facts

4   surrounding his claims, fails to present any facts to support or explain any of Plaintiff's claims.

5   Instead, as discussed below, it is confusing and unintelligible, and appears to pertain to alleged

6   events *different* from those of his other "claims." Where a plaintiff fails to allege in his complaint

7   the defendant's conduct to which plaintiff objects, and which underlies his claims, the complaint

8   must be dismissed. *See Malviya v. City of San Jose,* 2006 U.S. Dist. LEXIS 66336, *10-11 (D. Cal.

9   2006) ("[Plaintiff] has provided only bald assertions and conclusions of law, without factual

10  allegations giving rise to any inference that a disabilities act violation occurred. Plaintiff's

11  conclusory allegations are insufficient to withstand a motion to dismiss for failure to state a claim");

12  *see also Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (U.S. 2007) ("While a complaint attacked

13  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

14  obligation to provide the grounds of his entitlement to relief requires more than labels and

15  conclusions...Factual allegations must be enough to raise a right to relief above the speculative level

16  on the assumption that all of the complaint's allegations are true").

17         **3.      Plaintiff's "Statement Of Facts" Cannot Cure His Deficient Claims.**

18  The only statement in the complaint is:

19                 There has been and continues to be a violation of
20                 employment opportunities, denied entitlements as a QIW
                   (Qualified Injured Worker), with an injury greater than
21                 25% continuous disparate treatment and threats of
                   retaliation.

22

23         Defendant cannot divine from this sparse and unintelligible assertion what events or

24  incidents form the bases of Plaintiff's claims. Plaintiff has provided no information as to his race or

25  color, religion, sex, or national origin, or that of other comparators. He states nothing to explain the

26  nature of the discrimination he allegedly suffered. Plaintiff's claims of harassment, perjury and

27  fraud, and obstruction of justice are equally devoid of explanation. Defendant is unable to determine

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1040

DEFT'S MPA RE: MOTION TO DISMISS          5.                          Case No. C07-04775 SBA

1   the nature of the alleged harassment, perjury, fraud, or obstruction of justice. Plaintiff has provided

2   no information about the nature of these alleged incidents or the identities of the alleged perpetrators.

3   Plaintiff has done nothing more than check off several blanks on a form complaint and assert

4   conclusory allegations.

5           Furthermore, Defendant cannot comprehend Plaintiff's "statement of facts." It is not

6   clear what is meant by Plaintiff's reference to "a violation of employment opportunities." Plaintiff

7   does not explain what entitlements correspond with his claimed "QIW" status or title that allegedly

8   were denied. Plaintiff's reference to "an injury greater than 25% continuous disparate treatment" is

9   completely unintelligible. Finally, Plaintiff refers to "threats of retaliation" without providing any

10   information to explain or describe any threats or any basis for retaliation, or who threatened or

11   retaliated, or how. Such fatal defects require either amendment or dismissal. *See Malviya v. City of*

12   *San Jose*, 2006 U.S. Dist. LEXIS 66336, *10-11 (D. Cal. 2006) (court granted motion to dismiss

13   plaintiff's complaint, and granted plaintiff leave to amend, because plaintiff made only bald

14   assertions and no factual allegations in support thereof).

15           Despite the dearth of information in his complaint, Plaintiff alleges that his injuries

16   took place from 2001 to the present, and demands ten million dollars in damages. Defendant is

17   unable to determine what events or conduct between 2001 and the present underlie Plaintiff's

18   complaint. Defendant is equally hard pressed to understand what remedies Plaintiff seeks, and how

19   those remedies amount to ten million dollars. Defendant cannot respond as contemplated by the

20   federal civil procedure rules.

21       **C.**     **Plaintiff's Time to Amend Should Have Ended**

22           This Court's September 6, 2007 Order granting Defendant's Motion to Dismiss was

23   without prejudice. Accordingly, Plaintiff had reasonable time to amend his complaint. Rather than

24   amend his complaint to cure the deficiencies identified by Defendant's Motion to Dismiss, or, in the

25   alternative, for More Definite Statement, Plaintiff chose to re-file the complaint dismissed on

26   September 6, 2007. Accordingly, this identical complaint is not permitted or contemplated by the

27   Order allowing an amendment. Plaintiff, having failed to amend the complaint, should not be

28   permitted to file another complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693

DEFT'S MPA RE: MOTION TO DISMISS           6.           Case No. C07-04775 SBA

## IV.    CONCLUSION

For all of the reasons set forth herein, Defendant hereby requests the Court to grant its motion to dismiss all claims brought against it, with prejudice.

Dated: May 20, 2008                                  Respectfully Submitted,


By:  _____
     LINDBERGH PORTER, JR
     MOLLY AGARWAL
     Attorneys for Defendant
     THE SAN FRANCISCO CHRONICLE

Firmwide:85202342.1 052069.1020

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693

DEFT'S MPA RE: MOTION TO DISMISS                    7.                    Case No. C07-04775 SBA