LINDBERGH PORTER, JR., Bar No. 100091
MOLLY AGARWAL, Bar No. 247545
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:  415.433.1940
lporter@littler.com, magarwal@littler.com

Attorneys for Defendant
SAN FRANCISCO CHRONICLE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GRANT CHAPMAN, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE CHRONICLE, <br><br> Defendant(s). | Case No. C07-04775 SBA (formerly CRB) <br><br> **DEFENDANT SAN FRANCISCO CHRONICLE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Date: June 24, 2008 <br> Time: 1:00 p.m. <br> Courtroom: 3, 3rd Floor <br> Trial Date: None Set |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANT'S REPLY ISO MOTION TO DISMISS**                                   **Case No. C07-04775 SBA**

## I. INTRODUCTION

On May 20, 2008, pursuant to this Court's instruction, The San Francisco Chronicle ("Defendant" or "The Chronicle") filed its Motion to Dismiss ("Motion") Plaintiff's "amended" Complaint for failure to state a claim upon which relief can be granted. *See* Federal Rule of Civil Procedure 12(b)(6). On June 3, 2008, Gregory Chapman ("Plaintiff" or "Chapman") filed an Opposition to Defendant's Motion ("Opposition").

As demonstrated by The Chronicle's May 20, 2008 Memorandum of Points and Authorities in support of the Motion, Plaintiff fails to address the defects that warrant dismissal of his "amended" Complaint. Plaintiff's "amended" Complaint is his third attempt to state a claim: March 23, 2007, September 17, 2007, and November 27, 2007. Despite these three attempts, Plaintiff's Complaint remains deficient. Defendant cannot answer Plaintiff's "allegations" as contemplated by the Federal Rules of Civil Procedure. The Chronicle requests that its Motion be granted with prejudice.

## II. ARGUMENT

### A. Plaintiff's Opposition Fails To Cure The Deficiencies In His Complaint.

In his Opposition, Plaintiff does not address the deficiencies in his most recent Complaint. Plaintiff's Opposition does not set forth what, if any, facts support the "discrimination" labels he places in the Complaint. Plaintiff's Opposition also fails to explain how the Complaint sets forth factual allegations supporting harassment, what supports claims of "Perjury and Fraud" and "obstruction of justice," and what events or conduct between 2001 and the present underlie his Complaint and his demand for ten million dollars.

In addition, the documents Plaintiff attaches to his Opposition do nothing to provide necessary factual allegations, nor to demonstrate or clarify any of his "claims." Instead, these documents — consisting of (1) a physician's statement referring to agoraphobia, panic and depression in 1998, (2) a disciplinary notice addressed to Plaintiff for his own misconduct in 1993, and (3) a police investigation report of an altercation between Chapman and another employee in 1993 — serve to further confuse and undermine the Complaint's already conclusory "allegations."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANT'S REPLY ISO MOTION TO DISMISS**   1.   **Case No. C07-04775 SBA**

Because Plaintiff's Opposition fails to address any of the deficiencies, The Chronicle is entitled to dismissal of Plaintiff's complaint.

As the Court held in *Fluelling v. City of Milpitas,* 2005 U.S. Dist. LEXIS 4283 (N.D. Cal. January 25, 2005), even where a plaintiff is pro se, "a court need not, however, accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." 2005 U.S. Dist. LEXIS 4283 at *11. *See also Bureerong v. Uvawas,* 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) ("A court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.") Plaintiff's pleading is as deficient today as it was when he first filed it in March 2007.

### B. Plaintiff's Inability To State A Claim After Three Attempts Warrants Dismissal With Prejudice.

Plaintiff first filed his action against The San Francisco Chronicle in March 2007. This Court dismissed Plaintiff's complaint pursuant to The San Francisco Chronicle's motion by Order dated September 6, 2007. Eleven days later, Plaintiff re-filed the same complaint that had been dismissed. The only change he made to the second complaint was the deletion of codefendants; the Complaint was identical as to The San Francisco Chronicle. The third (or re-filed second complaint) on November 27, 2007 is the same as the earlier ones. In his June 3, 2008 Opposition, Plaintiff still has not shown how the Complaint alleges facts supporting the conclusory labels such that The Chronicle can defend against the claims and such that The Chronicle is required to answer.

Dismissal with prejudice is appropriate where, as here, Plaintiff has failed after three opportunities to state a single viable claim. "Courts have dismissed with prejudice where plaintiffs have failed to plead with the requisite particularity after repeated opportunities." Cont'l Ins. Co. v. Muradyan, 2003 U.S. Dist. LEXIS 18643, *10 (C.D. Cal. June 3, 2003). This Court dismissed a complaint with prejudice "[b]ecause Plaintiff has now had three opportunities to amend his Complaint." *Azadpour v. Sun Microsystems, Inc.,* 2007 U.S. Dist. LEXIS 55502, 10-11 (N.D. Cal.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S REPLY ISO MOTION TO DISMISS     2.     Case No. C07-04775 SBA

July 22, 2007).

The Ninth Circuit has also affirmed the appropriateness of dismissing with prejudice where a plaintiff fails to cure deficiencies in the pleadings despite repeated opportunities. In its recent decision in *Mostowfi v. 12 Telecom Int'l, Inc.,* 2008 U.S. App. LEXIS 5380 (9th Cir. March 4, 2008), the Ninth Circuit determined that the district court did not abuse its discretion in refusing plaintiffs a third opportunity to amend:

> Here, the district court gave the plaintiffs two opportunities to amend their complaint to comply with Rule 9(b). In its May 23, 2005 order, the district court stated it had 'serious reservations' about giving the plaintiffs another opportunity to amend given the 'unfocused character' of the first two complaints and expressly warned the plaintiffs that '[n]o further amendment will be permitted except for good cause shown.' Under these circumstances, the district court did not abuse its discretion by denying leave to amend. 2008 U.S. App. LEXIS 5380 at 10-11.

In *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985), the Ninth Circuit upheld the district court's dismissal of plaintiff's claims because those claims lacked requisite particularity after repeated opportunities, and were no more than conclusory allegations "punctuated by a handful of neutral facts." Moreover, the Ninth Circuit has expressly stated that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

Plaintiff suggests that somehow some form of fraud or obstruction of justice prevents him from stating a claim or from pursuing remedies. That allegation is not a cure all. Federal Rule of Civil Procedure Rule 9(b) states in relevant part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity requirements of Rule 9(b) are applicable to Plaintiff's fraud claim. In *Semegen,* the Court emphasized the policy reasons, saying: "[t]he requirements of Rule 9(b) are designed to prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis. Therefore, because the plaintiffs failed to comply with the specificity requirement of Rule 9(b), the district court correctly dismissed the claims against [defendants]." 780 F.2d at 731.

Dismissal with prejudice is proper here where a Plaintiff has failed to cure the

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANT'S REPLY ISO MOTION TO DISMISS**            3.            **Case No. C07-04775 SBA**

deficiencies after repeated opportunities.

### C. Plaintiff Makes Defamatory Statements In His Opposition In Violation of Rule 11.

Plaintiff states in his Opposition that "The plaintiff can prove that the defendant used fraudulent statements to the court for the purpose of obstructing justice." This statement is false and defamatory. The Chronicle and its counsel do not take this statement lightly. It is a spurious allegation that borders on or crosses the line of an FRCP Rule 11 violation. The Chronicle prefers to have the whole matter ended with its Motion. It raises this allegation here so Plaintiff is on notice that the allegation is offensive.

### III. CONCLUSION

For all of the reasons set forth herein, Defendant The San Francisco Chronicle requests that the Court grant its Motion to Dismiss all claims brought against it, with prejudice.

Dated: June 10, 2008                                Respectfully Submitted,


By:  /s/ Lindbergh Porter, Jr.
     LINDBERGH PORTER, JR
     MOLLY AGARWAL
     Attorneys for Defendant
     THE SAN FRANCISCO CHRONICLE

Firmwide:85439289.1 052069.1020

LITTLER MENDELSON
A Professional Corporation
650 California Street
Twentieth Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANT'S REPLY ISO MOTION TO DISMISS**          4.                              Case No. C07-04775 SBA