Gregory Grant Chapman Sr.
945 Danrose Dr Apt-H
American Canyon CA., 94503
Plaintiff (Pro Per)

FILED
JUN 24 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

GREGORY GRANT CHAPMAN SR.,
Plaintiff,

THE CHRONICLE
Defendants,

Case No. C07-4775-SBA

Addendum to
NOTICE OF MOTION AND MOTION BY
PLAINTIFF FOR SUMMARY JUDGEMENT
MEMORANDUM OF POINTS AND
AUTHORITIES DECLARATION OF
PLAINTIFF GREGORY G. CHAPMAN Sr.
& RELIEF
Date: Vacated
Time: To be notified
Courtroom: 3, 3rd Floor
Trial Date: None set

NOTICE OF MOTION AND MOTION

TO DEFENDENTS THE CHRONICLE:

NOTICE IS HEREBY GIVEN that as soon as the matter may be heard in Courtroom 3, 3rd Floor, Ste 400 of the Unites States District Court located at 1301 Clay St. Oakland CA., Plaintiff Gregory Grant Chapman Sr., will and hereby does move for an Order Granting Summary Judgment in favor of Plaintiff. The motion is made on the grounds that there is no trialable issue of fact as to liability, and Therefore the moving party is entitled to judgment on the issue of liability as a matter of law. The motion will be based on the Notice, the attached Declaration of Plaintiff, and the attached.

Memorandum of Points and Authorities.

Date: 6-23-08

_____
Gregory Grant Chapman Sr.
Attorney In Pro Per

## INTRODUCTION

In Defendants reply brief in support of its Motion to Dismiss the Defendant states that it did not use fraudulent statements to the courts for the purpose of obstructing justice. They claim the statement is false and defamatory and that it is a spurious allegation and one that they do not take lightly. But the Plaintiff will prove without a doubt that the Defendant did obstruct justice upon the courts and the Plaintiff and that to this day Plaintiff is still suffering from devastating affects. Because of this Plaintiff is unemployed, still being denied medical treatment, without pension and industrial injury claim has yet to be settled. And after 8 years the Plaintiff remains in a medical legal quagmire that has kept him from returning to work due to a destructive termination.

In the original case #C012305CRB filed 6/13/01 the Defendants alleged that the Plaintiffs complaint was barred by the applicable statue of limitations because Plaintiff did not file his complaint within 90 days of receiving his Right to Sue letter from EEOC. The Defendant further contended that Plaintiff actions was barred because Plaintiff did not file a charge with EEOC within 300 days of the unlawful conduct by defendant,

Case No. C07-04775 SBA

## STATEMENT OF FACTS

THE FACTS SURROUNDING THE DELIVERY OF THE RIGHT-TO-SUE LETTER

This is a case which turned on the defendants fraudulent proof of one day of mailing. Defendant submits a one-year-old printout from a government web site (Plaintiff's Exhibit 1) to prove that the statute of limitation was triggered on March 14, 2001, by the delivery of a right-to-sue letter by the EEOC, a prerequisite to Plaintiff's suit under title VII.

**Fact I**

Under the rules of law you can bring a Summary Judgment 20 days after the complaint is filed. The Defendants waited to produce their fraudulent web page and request their Summary Judgment in August 2002. Because the service which they claim the Right to Sue letter was delivered did not exist prior to June 2002.

**Fact II**

In a 2002 deposition (Plaintiff exhibit 2 pg 173)in which I gave sworn testimony (Exh 2,p 173  Line 17). (Mr.Hill) Q. and have you looked in the EEOC file regarding the mail return receipt.(Exh 2,p 173 Line 19)(Mr.Chapman) A. I have. Line 20 (Mr. Hill) Q. Are you aware that the file indicates the letter was delivered to your Daly City address on March 14, 2001.(Exh 2, p173 Line 23-25 p174 line (Mr.Chapman) A. NO, I would contradict that because according to the contact letter I believe it went to Susan Randall's desk on the 13th. And I believe it

might have been sent out on the 14th. There is no way it could have arrived at my house n the 14th if it was sent out on the 14th. (Line 4-5 p 174) (Mr. Hill)Q. what is your basis for thinking that letter was sent out on the 14th ? (Line 6)(Mr. Chapman) A. I believe that's what Mr. Ek's notes reflect. (Line 12-14 p 174) (Mr.Hill) Q. Do you have any documentation of any nature that would indicate that the letter was delivered to the Daly City address on March 17th? (Line15-18) (Mr Chapman) A. No, because I don't believe it was sent by registered mail, so I don't believe there is any documentation to prove that it wasn't received on the 17th.(Line 19-20 p 174) Q. And why do you say that it wasn't sent by registered mail? (Line21)(Mr.Chapman) Can you offer proof that it was? (Line 22) (Mr. Hill) Q. So you are really not certain one way or the other are you? (Line 24) (Mr. Chapman) I'm certain it was received on the 17th of March.

**FACT III**

(Plaintiff exhibit 3-5) April 19, 2001 requested file from EEOC, April 27,2001 EEOC in receipt of request for disclosure by Plaintiff. May 24,2001 copy of file being sent pursuant to Plaintiff's request and Commissions Procedures.

I originally requested my file approximately a full 5 months before Mr.Garofalo requested the file on August 13, 2001 (Plaintiff exhibit 6-8) Mr.Garofalo letter requesting file, August 22, 2001 request of disclosure of case file, August 24,2001 Mr.Garofalo's acknowledge of receipt of Equal Employment Opportunity Commission (EEOC) August 22,2001 letter. September 6, 2001 letter EEOC letter informing Mr. Garofalo they are sending the file.

I received my file approximately 4 months in May whereas the defendant received

theirs in September. At the time I received my original file there was no receipt present.

Upon a walk in visit to the EEOC in November 2002 while reviewing my file I came upon the infamous blank receipt that the defendants claim was in the original file; so I requested a copy of my file for a second time(Plaintiff exhibit 9-11) November 12, 2002 request to EEOC that Plaintiff file be kept intact litigation pending November 18, 2002 letter from EEOC request for disclosure of case file. December 16, 2002 letter from EEOC letter of notification sending a complete copy of file case #370-A1-0065.

It should also be noted; however that defendant does cite statements in the complaint and in plaintiff's deposition that the right-to-sue letter was received "on or about March 13, 2001." (the date the letter indicates that it was signed) as tending to support the conclusion that the letter was received on March 14, 2001 rather than three days later.

The web site (www.usps.com), which is operated by the United States Post Office, no longer carries any information on the relevant tracking number. And as stated in (Exhibit A dated October 19, 2002) Delivery confirmation only confirms that it was delivered or attempted to be delivered to the Post Office in the same Zip Code of the addressee and can not be confirmed that it was received at the address. This service was not available March 2001 for first class or standard delivery. Therefore the web page submitted by the Defendant was fraudulent see (August 22, 2001 attached as Exhibit B). The United States Post Office purges all

information on their web site after a certain amount of time and when Mr. Garlofalo got the information and made it available to plaintiff it had already been purged from the system and there were no records to be found ( Exhibit C Track and Confirm delivery status on 0300 1200 0008 0181 4887).

**FACT IV**

The fraudulent web page produced by defendant appears that there was a signature confirmation service but it actually was not. Proof of this is the first four numbers 0300 indicates that it is a delivery confirmation which is only a proof of mailing. The 2300 numbers indicate signature confirmation which offers a record proof of delivery (Exhibit D). In addition to the internet search The United States Post Office conducted a more extensive search into their Intranet/mainframe and found that the tracking number was not even in their system therefore it must have been mailed improperly see (Exhibit E tracking confirm Intranet inquiry).

**FACT V**

It is of the utmost important to note that the tracking number is taking from the proof of mailing receipt in the EEOC file does not itself contain any information on when it was delivered, it carries no post mark indicating when it was sent, where it was sent from and to whom it was sent to but most notably the receipt is totally blank see (Exhibit F blank confirmation receipt 0300 1290 0181 4887). And again according to information supplied by the U.S. Post Office it was never in their mail system and logically the receipt would have been in the possession of the sender (EEOC) However, this information was supplied by Mr. Garofalo Attorney for the defendant. The EEOC claims no knowledge of it and I reiterate it

was not in my file when I reviewed it (Exhibit G correct example with instructions/delivery confirmation receipt). The Plaintiff will offer additional factual proof that the right-to-sue letter could not have been sent from the EEOC. The following letters were sent to EEOC regarding past and present mailing procedures (Exhibit H April 11, 2003 letter inquiry on policy and regulations and mailing procedures right-to-sue)(Exhibit I letter Terry Knapp clarifying office procedures right-to-sue) In her response letter dated April 15, 2003(Exhibit J Terry Knapp response letter) Enforcement Supervisor Adria Boetig states that right-to-sue letters were no longer sent via certified mail they are sent via regular mail/first class mail and this policy stopped approximately 2 years prior. It is important to note that the delivery method describes by Adria Boetig was misrepresented as being certified because there was no signature required.(Exhibit K, April 22, 2003 letter request copy of signature to confirm certified mail receipt)(Exhibit L, May 6, 2003 Adria Boetig response to plaintiff seeking additional information in regards to reference charge of discrimination) In this letter Adria Boetig states "Please be advised that my April 15, 2003 letter erroneously stated that you were mailed the right-to-sue my letter should have stated that your notice of right-to-sue was sent delivery confirmation I have enclosed a confirmation receipt see(Exhibit D blank receipt). She goes on to state " You also requested the date when this office stopped mailing out notice of right-to-sue via certified mail this office stopped mailing out notice of right- to- sue via certified mail in November 2000" Keep in mind that her claim that the right to sue was sent delivery confirmation is questionable because there was no information

for Adria Boetig to ascertain from a blank receipt and secondly the manner in which she describes delivery did not exist until June 30, 2002. (Exhibit M, EEOC contact log with further collaborating evidence in regards to EEOC mailing policies and procedures p 19-30)

(Exhibit N, August 6, 2003 letter addressed to Deputy Director of EEOC Javier Chacon) In this letter I asked for clarification of agencies correct definition of "UPON RECEIPT" in your right-to-sue letter. To quote Ms. Erlich from that earlier conversation "UPON RECEIPT is when you get it in your hands". She also used the example that if it were lost in the mail for two weeks, the 90 days would begin when you received it not the day it was mailed to you or sent. (Exhibit O Deputy Director of EEOC Javier Chacon's email re policy inquiry) Ms.Erlich is correct in defining the 90-day period. Your 90-day period for filing a lawsuit on a discrimination complaint under the statues enforced by EEOC begins upon your receipt of the dismissal or the right-to-sue notice. The day you received the notice begins your 90 day countdown.

The Defendant's original of the printout see (Exhibit B) as evidence under federal rules of evidence rule 201(b)(2). Plaintiff has proven that the printout did not meet the standard of this rule since the information was no longer readily ascertainable from a reliable source. And we now know that the printout was not due to computer error of some kind but solely to defraud the courts. Furthermore a delivery of one day after an official letter is signed and ready to mail is unusually fast, both as to mail delivery and as to office mailing procedures.

Plaintiff contends that instead, the controlling rule in this case is that federal

courts presume that the mail service takes three days from mailing where there is no proof to settle the question of the date of receipt of a right-to-sue letter from the EEOC in a Title VII case. Application of this rule in this case would provide a date of three days from March 13, 2001, the date the letter was signed and would provide a date of delivery of March 16, 2001 making plaintiff's June 13, 2001 complaint timely. Even more so given the plaintiff's offer of proof through his declaration that he received his right-to-sue letter on March 17, 2001. See (Exhibit R Plaintiff's original opposition to summary judgment)

## CONCLUSION

Ironically on March 17, 2004 the three year anniversary of being in receipt of my right-to-sue letter. I wrote the Honorable Judge Bryer with new information re: case #C012305 CRB at that time it was my hope that the court would use their discretion and reverse the decision see (Exhibit P). I am still just one man seeking a date with justice. Under Rule 59(b) Plaintiff feels he has brought forth newly discovered evidence that with reasonable diligence could not be discovered in time to move for a new trial under Rule 59(b). Rule 56(c) The Plaintiff has proven there is no genuine issue as to any material facts and Plaintiff is entitle to judgment as a matter of law. Federal Rules of Civil Procedure. Rule 56(c). Also because the defendant engaged in misrepresentation, misconduct and fraud which obstructed justice robbed the Plaintiff of his right to be made whole and the court of it's abilities to administer both mercy and justice. Plaintiff seeks unspecified

damages and a mandatory global settlement of all his pending claims against the agency including the sexual harassment/discrimination. See (Exhibit Q).

Prayerfully Yours,

Date 6-23-08

Gregory Grant Chapman Sr.
In Pro Per

PROOF OF SERVICE

UNITED STATES DISTRICT COURT CASE C07-04775 SBA

I declare that I Gregory Grant Chapman, Sr., of legal age and a resident of California with the address of 945 Danrose Drive #H ,American Canyon, CA 94503 , served the foregoing document(s):

PLAINTIFF'S REPLY TO THE DEFENDANT'S SAN FRANCISCO CHRONICLE REPLY BRIEF AND SUPPORT FOR SUMMARY JUDGEMENT.

By Mail to he parties in said action,as addressed below, in accordance with Code of Civil procedure 1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail,addressed as set forth below.

I declare under penalty of perjury that the foregoing is true and correct. Executed in American Canyon CA on June 23, 2008.

June 23, 2008                    Gregory Grant Chapman, Sr

United States District Court
Northern District of California
1301 Clay St. Ste. 400
Oakland CA  94612-5217

Littler Mendelson
650 California Street,20th Fl.
San Francisco,CA  94108

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GRANT CHAPMAN SR.,<br>    Plaintiff, | Case No. C07-4775-SBA<br>**JUDGMENT** |
| THE CHRONICLE<br>    Defendant,<br>_____/ | |

The Court having granted Plaintiff Gregory Grant Chapman Sr. motion for summary judgment by Order dated _____ 2008, it is hereby ordered that Judgment be entered in favor of the Plaintiff and against Defendant The Chronicle.

**IT IS SO ORDERED,**

Dated: _____ 2008

                                                                                /s/
                                         SAUNDRA BROWN ARMSTRONG
                                         United States District Judge