**United States District Court**
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

GREGORY GRANT CHAPMAN, Sr.,

    Plaintiff,

v.

THE CHRONICLE,

    Defendants.

No. C 07-4775 SBA

**ORDER**

[Docket Nos. 11, 18]

Before the Court is defendant The San Francisco Chronicle's ("The Chronicle") Motion to Dismiss ("Mot") [Docket No. 11] and plaintiff pro se Gregory Chapman's ("Chapman") Motion for Summary Judgment [Docket No. 18]. For the reasons stated herein, The Chronicle's motion is GRANTED in part and DENIED in part, and Chapman's Motion for Summary Judgment is DENIED as moot.

**BACKGROUND**

Chapman, a former delivery driver for The Chronicle, initially sued the Equal Employment Opportunity Commission ("EEOC",) The Chronicle, and Teamsters Local 853 ("Teamsters") on March 23, 2007 for employment discrimination (Case No. C-07-01527). On September 6, 2007, the EEOC and The Chronicle were dismissed from the action based on unopposed motions to dismiss. Teamsters was also dismissed from the action on March 24, 2008 because of Chapman's failure to effect proper service of process.

On September 17, 2007, Chapman re-filed his Complaint in the San Francisco division of the District Court for the Northern District of California [Docket No. 1 ("Compl.")], and included a forty-six page narrative as an attachment. The action was assigned Case Number C-07-04775 and was related to his first action before this Court [Docket No. 7]. On April 30, 2008, during the parties' Case Management Conference [Docket No. 10], Chapman represented that the only difference between his first complaint (No. C-07-01527) and his subsequent complaint (No. C-07-04775) was the absence of defendant EEOC. Mot. at 1:14-17. For this reason, the Court sua

1 sponte dismissed the first filed case without prejudice.

2 The operative Complaint [Docket No. 1] alleges employment discrimination, harassment, perjury and fraud, and obstruction of justice. Compl. at 2:3-6. On May 20, 2008, The Chronicle filed the present motion to dismiss. On June 23, 2008, Chapman filed a motion for summary judgment [Docket No. 18].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained within a complaint, may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court may disregard allegations in the complaint, however, if contradicted by facts contained in documents attached to the complaint. *See Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *see also Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). Furthermore, courts will not assume that plaintiffs "can prove facts that they have not alleged or that the defendants have violated laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th Cir. 2005). At a minimum, the complaint's allegations must "give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

As a pro se litigant, Chapman should be afforded a liberal construction of his Complaint and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, "a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . Bald assertions and conclusions of law will not suffice." *Malviya v. City of San Jose*, 2006 U.S. Dist. LEXIS 66336, at *7 (D. Cal. 2006) (quoting *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D. Nev. 2002)). Even under the broad reading afforded to pro se plaintiffs, Chapman's Complaint fails to allege sufficient facts with regards to his four listed claims: discrimination, harassment, perjury and fraud, and obstruction of justice. Compl. at ¶4.

## ANALYSIS

**A.    Amended Complaint**

The Chronicle asserts that the Complaint filed on September 17, 2007 is not amended but is merely a re-filing of the dismissed complaint with two defendants removed. Mot. at 2:22-27. The Chronicle further contends that the papers attached to the Complaint do not constitute written instruments or affidavits, nor a document incorporated by reference. Id. at 2:28-3:2.

For the purposes of determining the sufficiency of the pleadings "[c]ertain written instruments attached to pleadings may be considered part of the pleading. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 10(c). And, a court may consider an affidavit attached to a complaint as part of the complaint. *Rasidescu v. Globe College*, Inc., 105 Fed. Appx. 121, 123 (8th Cir. 2004) (accompanying affidavit presenting a narrative of events concerning plaintiff's employment and treatment and how his employer discriminated against him on the basis of his sex, religion, and national origin should be considered as part of the complaint)(citing Fed. R. Civ. P. 10(c)). Moreover, Chapman's Complaint refers to these attachments, and they provide the sole explanation of his claims. *See, e.g.*, Compl. at 2:7, 21, 26,

3

1  3:9; *see also Ritchie*, 342 F.3d at 908 (explaining that even unattached documents may be
2  considered part of the pleadings if incorporated by reference). For these reasons, the Court disagrees
3  with defendants and finds that the attachment to Chapman's pleading constitutes a part of his
4  complaint.

5  **B.    Discrimination Claim**

6      Chapman's first cause of action is for discrimination. Compl. at 2:3. To establish a prima
7  facie case of employment discrimination under Title VII, plaintiff must show that he (1) belongs to a
8  protected class; (2) was qualified for the employment position; (3) was subject to an adverse
9  employment action; and (4) similarly situated individuals outside his protected class were treated
10 more favorably. *Agardi v. Manchester Grand Hyatt*, 2005 U.S. Dist. LEXIS 7204, at *11-12 (D.
11 Cal. 2005) (citing *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000)).
12 Chapman alleges discrimination based on race or color, religion, sex, and national origin. Compl. at
13 ¶5. However, as explained below, his Complaint fails to establish all of the necessary elements of
14 an employment discrimination claim. See Compl., Attachment "B" ("Attach.").

15     With respect to discrimination based on race or color and sex discrimination, Chapman
16 identifies himself as "a 45 year old African American male," which satisfies the protected class
17 element. He also alleges that he was denied employment opportunities, satisfying the adverse
18 employment action element. However, he fails to address the other two requirements for an
19 employment discrimination claim, namely that he was qualified for the relevant employment
20 position and that similarly situated individuals outside his protected class were treated more
21 favorably. And, despite alleging a claim for discrimination based on religion or national origin,
22 Chapman fails to identify to which protected class he belongs, and merely asserts that "[t]he
23 discrimination was not only systemic, it was also multi-level." Attach. "A."

24     For these reasons, Chapman fails to state a claim of employment discrimination.
25 Accordingly, defendant's motion to dismiss is GRANTED.

26 **C.    Harassment Claim**

27
28

4

In his second claim, Chapman alleges "harassment." Compl. at 2:4. Unlawful harassment is actionable under Title VII. One form of unlawful harassment is hostile workplace harassment on the basis of sex or race. A claim for hostile workplace based on race or sex must allege that (1) plaintiff was subject to verbal or physical conduct of a racial or sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998).

In this Complaint, Chapman alleges that a co-worker, Tony Saab, "touched" him and "made explicit sexual comments" to him, which constitutes an allegation that he was subject to verbal and physical conduct of a sexual nature. Chapman also alleges facts in support of his claim that such conduct was unwelcome by alleging that "I agreed to handle this [conduct] fraternally" (emphasis added) but that he expected an apology from Mr. Saab.

To determine whether an alleged harassment was sufficiently severe or pervasive to constitute a hostile work environment, a court must consider all circumstances including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). Chapman, after alleging that he was touched by Mr. Saab accompanied by an explicit sexual comment, alleges that "the harassment increased."

However, Chapman provides no further basis for the Court to determine the frequency of discrimination for purposes of determining whether the alleged harassment was sufficiently severe or pervasive. Conduct that is not sufficiently severe or pervasive to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview. *Forklift Sys.*, 510 U.S. at 21. Moreover, Chapman's allegation of "increased harassment" does not give defendant fair notice of Chapman's claim and the grounds upon which it rests. *Conley*, 355 U.S. at 47. Chapman has therefore failed to state a claim of hostile

5

workplace harassment based on sex. Accordingly, defendant's motion to dismiss such claim is GRANTED.

### D. Perjury Claim

As his third cause of action, Chapman purports to assert a claim for "perjury." Compl. at 2:5. However, perjury is not a cognizable civil claim. *Nobles v. United States Customs*, 2008 U.S. Dist. LEXIS 36220 (S.D. Cal. 2008) (civil claim for perjury does not exist); cf Cal. Penal Code § 118. Accordingly, defendant's motion to dismiss Chapman's perjury claim is GRANTED.

### E. Obstruction of Justice Claim

Chapman also purports to state a claim for "obstruction of justice". Compl. at 2:6. However, obstruction of justice is not a cognizable civil claim. *Hess v. Lander Univ.*, 2006 U.S. Dist. LEXIS 9127 (D.S.C. 2006) (no civil claim for obstruction of justice available under federal or state law); cf. Cal. Penal Code § 96.5. Accordingly, defendant's motion to dismiss the obstruction of justice claim is GRANTED.

### F. Fraud Claim

Chapman attempts to assert a claim for fraud. Under California law, the elements of fraud consist of "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *City Solutions, Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 839 (9th Cir. 2004) (quoting *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)); see also Cal. Civ. Code § 1709. Moreover, all claims for fraud are subject to a heightened pleading standard, which requires the pleader to "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Comty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); Fed. R. Civ. P. 9(b).

In support of his fraud claim, Chapman alleges that "The company has given false statements to EEOC like allegedly conducting an investigation and as to who conducted it." However, with the exception of alleging a false statement, Chapman's fraud claim fails to satisfy the other elements of

6

1  fraud. Moreover, he has not pled his claim with any particularity such as alleging the time, place,
2  and manner of the allegedly fraudulent acts. Fed. R. Civ. P. 9(b).

3  Accordingly, defendant's motion to dismiss Chapman's fraud claim is GRANTED.

**G.    Dismissal Without Prejudice**

The Chronicle moves to dismiss the Complaint with prejudice. Mot. at 7:3; Reply at 2:11-4:1. The Court recognizes that dismissal with prejudice may be appropriate where the plaintiff has repeatedly failed to state a claim. *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989). Additionally, leave may not be granted if amendments are sought in bad faith, cause undue delay, cause prejudice to the opposing party, or would be futile. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). However, under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a). In effect, "rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs*, 833 F.2d at 186..

The Chronicle asserts that Chapman has made three attempts to file his complaint: first, on March 23, 2007 in the prior action (Case No. C-07-01527); second, on September 17, 2007 in the present action (Case No. C-07-04775) [Docket No. 1]; and third, on November 27, 2007. Reply at 1:9-10, 2:13-18. While the Court recognizes the first and second complaints identified by The Chronicle, the third purported complaint is actually an entry in the docket for a summons that was issued to Teamsters. Indeed, in the docket, the entry to which defendant refers has neither a docket number nor is it listed as a complaint.

Chapman has had only one previous opportunity to amend his complaint. Moreover, as explained above, Chapman's operative complaint fails to set forth the requisite factual foundations for his claims, which is a defect he can cure upon amendment. Therefore, granting Chapman leave to amend his discrimination, harassment, or fraud claims would not be futile. *See DCD Programs*, 833 F.2d at 185. Thus, in light of Rule 15's policy of granting leave to amend with extreme

7

liberality, and particularly in light of the liberal construction a court should give to a pro se complaint, *Erickson*, 127 S. Ct. at 2200, Chapman's discrimination, harassment, and fraud claims are dismissed without prejudice. Accordingly, The Chronicle's Motion to dismiss the complaint with prejudice is DENIED.

**CONCLUSION**

For the foregoing reasons, The Chronicle's Motion [Docket No. 11] is GRANTED in part and DENIED in part. Chapman's complaint [Docket No. 1] is DISMISSED without prejudice to re-filing his discrimination, harassment, and fraud claims. The Court GRANTS Chapman fifteen (15) days, from the date this order is entered, to file the amended complaint. Chapman's motion for summary judgment [Docket No. 18] is DENIED as moot.

It is further ORDERED that, pursuant to Civil Local Rule 16-10(c), a case management conference is scheduled for **March 25, 2009 at 3:15 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 1/12/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHAPMAN et al,

        Plaintiff,

v.

SF CHRONICLE et al,

        Defendant.

Case Number: CV07-04775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Grant Chapman
2552 Stone Manor Drive
Buford, GA 30519

Dated: January 14, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

9