UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREGORY GRANT CHAPMAN, SR., | Case No. C07-04775-SBA |
| Plaintiff, | **ORDER GRANTING DEFENDANT SAN FRANCISCO CHRONICLE'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| U.S. EEOC/ADA and SAN FRANCISCO NEWSPAPER AGENCY (THE CHRONICLE) AND TEAMSTERS LOCAL 853 (FORMERLY 921), | |
| Defendants. | |

Defendant SAN FRANCISCO CHRONICLE'S motion for summary judgment came on for hearing before this Court on January 12, 2010 at 1:00 p.m. The Court, having considered all supporting and opposition papers, and the exhibits and declarations filed therewith, and **GOOD CAUSE HAVING BEEN SHOWN HEREBY ORDERS**:

The Court grants Defendant's objections to Plaintiff's evidence in support of his Opposition motion because Plaintiff's documents were unauthenticated and without any sequential page numbers or discernible order. *See* Fed. R. Civ. Proc. 56(e); Fed. R. Evid. 602, 701, 901, 902; *Orr v. Bank of Am.*, 285 F.3d 764, 777-78 (9th Cir. 2002); *Citizens for a Better Forestry v. U.S. Dep't of Agric.*, 341 F. 3d 961, 972 fn. 7 (9th Cir. 2003).

Summary judgment is appropriate where, as here, there is no genuine dispute as to any

material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is required if the nonmoving party fails to make a showing sufficient to establish the existence of an element that is essential to his case and upon which he will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2552 (1986). Where the moving party meets its initial burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must "produce specific facts showing that there remains a genuine factual issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed." *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983).

Defendant is entitled to summary judgment on Plaintiff's sex, race and color discrimination claims because of *res judicata*. *FTC v. Garvey,* 383 F.3d 891, 897 (9th Cir. 2004). Moreover, Defendant is entitled to summary judgment on Plaintiff's sex, race and color discrimination claims because of the applicable statute of limitations. *Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1216 (E.D. Cal. 2006).

Defendant is entitled to summary judgment on Plaintiff's race and color discrimination claims because he failed to exhaust them. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 39 L. Ed.2d 147, 94 S.Ct. 1011 (1974); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1614 (1995).

Defendant is entitled to summary judgment on Plaintiff's failure to promote claim because of *res judicata* and failure to exhaust. *FTC v. Garvey,* 383 F.3d 891, 897 (9th Cir. 2004); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 39 L. Ed.2d 147, 94 S.Ct. 1011 (1974); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1614 (1995).

Defendant is entitled to summary judgment on Plaintiff's sexual harassment claim because of *res judicata* and failure to exhaust. *FTC v. Garvey,* 383 F.3d 891, 897 (9th Cir. 2004); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 39 L. Ed.2d 147, 94 S.Ct. 1011 (1974); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1614 (1995).

Defendant is entitled to summary judgment on Plaintiff's wrongful termination claim because Plaintiff failed to make out a *prima facie* claim for wrongful termination. Specifically, Plaintiff failed to demonstrate that other similarly situated employees who were not members of the

protected class were treated more favorably, as Plaintiff did not identify any similarly situated employees who were not members of a protected class.

Defendant is entitled to summary judgment on Plaintiff's disability discrimination claim because Defendant is not obligated to create a new job under the Americans with Disabilities Act, and because Plaintiff's own medical records demonstrate that he cannot perform all of the duties of the driver position he held during his employment. Additionally, to the extent Plaintiff claims Defendant failed to reasonably accommodate him, Defendant is entitled to summary judgment on this claim as he was offered reasonable accommodation and Defendant engaged in good faith in the interactive process.

To the extent Plaintiff's Second Amended Complaint purports to raise any state law cause of action derived from his work-related injury, Defendant is entitled to summary judgment on such claim because it would be barred by Section 301 preemption or the California Workers' Compensation Act, Cal. Lab. Code § 3602 *et seq. Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988); *IBEW v. Hechler,* 481 U.S. 851, 857-59 (1987); *Gunnell v. Metrocolor Laboratories, Inc.*, 92 Cal. App. 4th 710, 720 (2001).

It is unclear whether Plaintiff intends to claim that he was a qualified injured worker and was denied certain benefits related to that status. To the extent it is Plaintiff's intention to raise such a claim, Defendant is entitled to summary judgment on that claim because it would be barred by Section 301 preemption or the California Workers' Compensation Act, Cal. Lab. Code § 3602 *et seq. Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988); *IBEW v. Hechler,* 481 U.S. 851, 857-59 (1987); *Gunnell v. Metrocolor Laboratories, Inc.*, 92 Cal. App. 4th 710, 720 (2001).

This Court, finding no issues of material fact, holds that judgment shall be entered in its entirety for Defendant and against Plaintiff Gregory Grant Chapman, Sr.

///

///

1     **IT IS HEREBY ORDERED** that Defendant The San Francisco Chronicle's Motion for
2 Summary Judgment is **GRANTED**.

3
4 Dated: 2/8/10                         _Saundra B Armstrong_
                                    HONORABLE SAUNDRA B. ARMSTRONG

3.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHAPMAN et al,

    Plaintiff,

v.

SF CHRONICLE et al,

    Defendant.

                                                           Case Number: CV07-04775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Grant Chapman
870 River Rush Drive
Sugar Hill, GA 30518

Dated: February 11, 2010
                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk